LEOSO of Leone, AUMAVAE of Leone, UO S. of Leone, Plaintiffs

v.

TAELEIFI of Leone, Defendant

No. 2-1935

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Asa Mauga" in Leone]

August 24, 1936

_____

H. P. WOOD, *Chief Justice;* PELE, *District Judge;* and LIUFAU, *District Judge*

JUDGMENT

The land Asa Mauga, the title to which has been contested in this case, is residential property, located in the heart of the Village of Leone, in the Western District.

At the present time there are two large houses on the property, a cook house and the westerly line of the survey runs through the middle of another house. In addition to these houses, there is the foundation of a house which has been removed and in front of this, a grave.

The foundation and grave are in the southwest corner of the surveyed property.

The main dispute in the case is between Taeleifi and Leoso, both claiming the pule of the entire surveyed property.

The difference between Taeleifi and Uo is the boundary on the south side of the property where it adjoins Uo's land. Aumavae's claim is a strip of land lying on the

western side of the surveyed land between his land and that claimed by Taeleifi.

It appears from the testimony that Taeleifi and his predecessors have lived on this property for many years, building and rebuilding houses and guest houses. There is no evidence of any action by Leoso to stop them and if they were built with the consent of Leoso, there is no adequate proof of it.

It is undoubtedly true that members of the family of Leoso have lived in the house now destroyed in the southwest corner of the property, and there is no evidence of any objection by Taeleifi or his predecessors. If this occupancy was with the consent of a Taeleifi, there is no adequate proof of it.

As to the house built by Telemete on the eastern line of the surveyed property, there is evidence that Taeleifi did object to its being built (about one year ago) but there is also evidence that this new house was built on the foundation of a house built at an earlier period.

The Uo controversy has been amicably settled between the parties pending a final confirmation and decision by the Court.

As to the claim of Aumavae it appears that the strip of land in question is a narrow one which is used as a public pathway in the Village of Leone—Aumavae claims to the extreme easterly side of the pathway and Taeleifi to its extreme westerly side.

There are no structures or plantations on the pathway, only two breadfruit trees. If the westerly line of the survey should run along the median line of the pathway, both Aumavae and Taeleifi will each have the benefit of a right of way along their property and neither will have to sacrifice over a few feet of land claimed respectively by them.

IT IS ACCORDINGLY ADJUDGED AND DECREED that the land offered by Taeleifi for registration, be registered in the name of Taeleifi as matai of their family, except

1. The tracts hereinafter described, which shall be the property of Leoso.

(a) Beginning at the southwest corner of the land surveyed by B. F. Kneubuhl for Taeleifi, and running thence sixty (60) feet in a generally northeast direction along the westerly line of said survey; thence forty eight (48) feet in a generally southeast direction parallel to the southerly boundary of the said survey; thence sixty (60) feet in a generally southwesterly direction parallel to said westerly line of said survey to said southerly line of said survey; thence forty eight (48) feet in a generally northwesterly direction, along the line of said southerly line of survey to the point or place of beginning. The said tract containing 2,880 square feet.

(b) Beginning at the northeast corner of the land surveyed by B. F. Kneubuhl for Taeleifi, and running thence twenty five (25) feet in a generally southwesterly direction along the northerly line of said survey; thence thirty six (36) feet in a generally southwesterly direction parallel to the easterly boundary of said survey; thence twenty five (25) feet in a generally northeasterly direction parallel to the northern boundary of said survey to the easterly line of said survey; thence northeasterly along the westerly line of said survey to the point or place of beginning. Said tract containing 960 square feet.

2. The tract hereinafter described shall be the property of Uo.

(a) Beginning at the southwesterly corner of the land surveyed by B. F. Kneubuhl for Taeleifi, and running thence twelve (12) feet in a generally northeasterly direction along the easterly line of said survey; thence 53 feet in a generally southeasterly direction to a point twenty six (26) feet distant north from the southerly boundary of said survey; thence twenty six (26) feet in a generally southeasterly direction to the southerly line of said survey.

3. Beginning at a point sixty (60) feet northerly from the southeasterly corner of the land surveyed by B. F. Kneubuhl for Taeleifi, and extending thence in a generally

northeasterly direction between the land surveyed for Taeleifi and the land owned by Aumavae,—Taeleifi and Aumavae shall each respectively be entitled to use the foot path running between their respective houses and the line between the lands of said Taeleifi and Aumavae is determined to be a line drawn in along the median line of said path. Taeleifi's land to the east and Aumavae's land to the west of said line.

The court costs in this action amounting to $25.00 shall be paid as follows—$6.25 by Taeleifi; $6.25 by Leoso; $6.25 by Uo and $6.25 by Aumavae.